UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAYES,

          Plaintiff,

     v.

DEPUTY BLUNT #2530,

          Defendant.

Case No.  24-cv-08905-RMI

**ORDER**

Re: Dkt. Nos. 23, 27

United States District Court
Northern District of California

Plaintiff, a detainee proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, but Plaintiff has not filed an opposition. He will be given an extension to file an opposition. Defendants also filed a motion to strike non-party notices regarding a deposition and a motion to seal.

Defendants took Plaintiff's deposition on January 7, 2026. Plaintiff objected because there was no court authorization. No court authorization is required for a deposition; therefore, any objections are denied. Plaintiff's objections were not signed by him and filed by a different individual who is not an attorney. Defendants seek to strike these objections. The request is granted. Plaintiff must submit his own filings signed by him, or filings must be prepared by an attorney who represents him. The Court cannot consider *pro se* filings, not signed by Plaintiff. All future filings, including the opposition to the motion for summary judgment, must be signed by Plaintiff.

Defendants also seek to file video surveillance taken at the jail and Plaintiff's medical records under seal. The videos took place inside the jail and may reveal sensitive information about the floor plan, access points, and the general layout of the secure facility. Revealing this information could impact safety of staff and other detainees who may be visible on the videos.

United States District Court
Northern District of California

Plaintiff's medical records contain sensitive and private health information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 42 U.S.C. § 1320d, et seq., and the California Confidentiality of Medical Information Act (CMIA), Cal. Civ. Code § 56, et seq.

"The proponent of sealing bears the burden with respect to sealing.  A failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006).  In this district, requests to file documents under seal in civil cases are governed by Civil Local Rule 79-5.  The motion to file under seal must include the following:

(1) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:

(i) the legitimate private or public interests that warrant sealing;
(ii) the injury that will result if sealing is denied; and
(iii) why a less restrictive alternative to sealing is not sufficient;

(2) evidentiary support from declarations where necessary; and

(3) a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed.

Civ. L.R. 79-5(c).

Defendants have met their burden and shown that the video and medical evidence are entitled to protection under the law. The motion to file under seal is granted. However, Plaintiff must be provided an opportunity to view the video footage to prepare his opposition.

For the foregoing reasons:

1.      The motion to strike improper non-party filings (dkt. 23) is **GRANTED**. All submissions must be signed by Plaintiff for the Court to consider the filings.

2.      The motion to seal (dkt. 27) is **GRANTED**. The Clerk shall file the videos, medical records, and the unredacted version of the motion for summary judgment with Plaintiff's medical information **UNDER SEAL**.

3.      Plaintiff must file an opposition to the motion for summary judgment within **twenty-eight days** of service of this order. Failure to file an opposition may result in the dismissal

of this action or the court may consider the motion unopposed.

**IT IS SO ORDERED.**

Dated: March 25, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

3